UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JODI LYNN SCANLON,<br><br>          Plaintiff,<br><br>   v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, *et al.*,<br><br>          Defendants. | Case No. C17-1532RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO"). Dkt. #2. Plaintiff Jodi Lynn Scanlon moves the Court for a TRO against Defendants to restrain the sale of her real property located at 17620 115th Ave SW, Vashon, WA 98070. *Id.* at 2. According to Plaintiff, this property is currently scheduled for a trustee sale on October 20, 2017. *Id.* No Defendants have yet appeared in this action, and Plaintiff states that she tried, but was unable, to speak to Defendants regarding this motion prior to bringing it. Dkt. #2-2. She asserts that she has served the motion and supporting documents on Defendants via U.S. Mail. *Id.*

Although not entirely clear, Plaintiff appears to assert that she is currently involved in state court proceedings involving this property. She asserts that there is an appeal currently

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 1

pending from a dismissal of her Complaint for Wrongful Foreclosure. Dkt. #2 at ¶ 5. She further asserts that she previously made a $50,000 payment to bring her amounts due current, but that the payment was never credited to her account. Dkt. #2 at ¶¶ 6-7. There also appear to be some allegations that the transfer and/or assignment of the mortgage note was fraudulent. *Id.* at ¶ 9. Plaintiff alleges that she will suffer irreparable harm if her home is sold while the appeal is pending.

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court finds that Plaintiff has presented insufficient evidence to warrant granting a TRO in this case. First, "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rule 65(b)(1). Although Plaintiff has apparently served the Defendants, there have been no responses.

Second, even if all Defendants have received notice, the Court finds that Plaintiff has failed to meet her burden of demonstrating a likelihood of success on the merits in this case. Indeed, Plaintiff provides no legal argument in support of her position. While, she cites one Washington State case for the proposition that Defendants no longer have standing to foreclose

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 2

on her property, she does not explain that argument with respect to the facts of her case. *See* Dkt. #5 at ¶ 17.

Third, Plaintiff does not explain whether she has sought relief in the pending state court appeal. Generally, this Court will not interfere with pending state court proceedings.

Fourth, as federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). In this case, Plaintiff identifies both federal question and diversity jurisdiction as the bases for federal jurisdiction over this action. Dkt. #2-4 at ¶ 2. However, it is not clear that the parties are actually diverse, and she does not identify any federal statute allegedly violated. *See* Dkt. #5.

Finally, it is not clear from the extremely limited information presented why the sale of this property will cause Plaintiff harm that cannot be redressed should she be successful in her action before the state court or this Court.

Given these deficiencies, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order (Dkt. #2) is DENIED.

DATED this 16 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 3